[Cite as *State v. Baird*, 2011-Ohio-6268.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96352**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANDERSON BAIRD

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-542662

**BEFORE:** Cooney, J., Kilbane, A.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** December 8, 2011

**ATTORNEY FOR APPELLANT**

Michael J. Gordillo
1370 Ontario Street
2000 Standard Building
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: John Wojton
Brian D. Kraft
Assistant County Prosecutors
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶ 1} Defendant-appellant, Anderson Baird ("Baird"), appeals his drug trafficking, possession of criminal tools, and tampering with evidence convictions. Finding no merit to the appeal, we affirm.

{¶ 2} In October 2010, Baird was indicted on two counts of drug trafficking, one count of possession of criminal tools, and one count of tampering with evidence. Baird pled not guilty, and the case proceeded to a jury trial. Baird was tried with a codefendant, Lawrence Hemphill ("Hemphill").[1] Baird and Hemphill are half-brothers.

{¶ 3} The following evidence was adduced at trial. On the evening of September 29, 2010, a confidential informant ("CI") engaged in a buy-bust operation for the Cleveland police. The CI struck up a conversation with two men standing together in the parking lot of a beverage store, at the intersection of St. Clair Avenue and East 166th Street. Officers testified that the lot was well lit and filled with between five and ten other cars. One of the two men, later identified as Hemphill, motioned for the CI to join him around the side of the building. Hemphill and the CI then had a hand-to-hand exchange. The CI returned to the undercover car she arrived in and gave the detective the marijuana she purchased from Hemphill.

{¶ 4} The second man, later identified as Baird, did not accompany Hemphill and the CI around the side of the building. Instead, Baird approached and entered the front passenger seat of a Camaro, parked in the lot. Baird remained inside the car for a brief time and then exited. Detectives did not witness what happened inside the vehicle. Baird exited the

---

[1]Hemphill's conviction was affirmed in *State v. Hemphill*, Cuyahoga App. No. 96409, 2011-Ohio-5395.

Camaro and approached a black Cadillac. He got in the Cadillac's front passenger seat and was soon joined by Hemphill who sat in the driver's seat. The Cadillac was later identified as Hemphill's vehicle.

{¶ 5} Officers were given the go-ahead to pursue the Cadillac. As they followed the Cadillac and activated their lights and siren, Detective Gerald Crayton observed a passenger throw items out the window.

{¶ 6} Once the vehicle was stopped, officers identified Hemphill as the driver and Baird as the passenger. A female passenger was sitting in the back seat behind the driver. The officers searched for the items thrown from the vehicle by the passenger and located the $20 bill used by the CI to purchase the drugs as well as six small baggies of marijuana contained in one larger bag on the street behind the Cadillac, directly in line with the passenger side of the vehicle.

{¶ 7} As officers approached the vehicle, they observed Baird making furtive movements toward his waist. After apprehending Baird, police discovered a bag of marijuana containing 16 grams in his waistband. Officers also recovered $128 on his person. In addition, a small scale designed to resemble a cell phone was found in the glove box of the Cadillac.

{¶ 8} Baird testified in his own defense. He claimed that he and Hemphill had gone to the store to purchase beverages and that Hemphill never exited the Cadillac. He testified

that the parking lot was filled with 30 - 40 cars on the night in question, and that the line for the store was wrapped around the building. He admitted possessing 16 grams of marijuana at the time of his arrest but denied any involvement in dealing drugs. He denied throwing the six baggies and the $20 bill out the car window. Baird admitted having multiple prior convictions for carrying a concealed weapon, unauthorized use of a motor vehicle, and forgery.

{¶ 9} The jury found Baird guilty of all charges, and he was sentenced to 18 months in prison.

{¶ 10} Baird now appeals, raising four assignments of error, which shall be addressed out of order where appropriate.

## Sufficiency and Manifest Weight

{¶ 11} In his first assignment of error, Baird argues that the trial court erred in denying his motion for acquittal due to insufficient evidence to support the charges. In his second assignment of error, Baird argues that his convictions are against the manifest weight of the evidence. These two assignments are related to the same set of facts and will therefore be discussed together.

{¶ 12} We review a challenge based on the denial of a motion for acquittal in the same manner as a challenge based upon the sufficiency of the evidence, because a motion for judgment of acquittal under Crim.R. 29 is granted only where reasonable minds could not fail

to find reasonable doubt. See *Brooklyn v. Somers*, Cuyahoga App. No. 92225, 2009-Ohio-3468; *State v. Ratliff* (May 8, 1997), Cuyahoga App. No. 70445.

{¶ 13} In *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, ¶113, the Ohio Supreme Court explained the standard for sufficiency of the evidence:

{¶ 14} "Raising the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law invokes a due process concern. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. In reviewing such a challenge, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' *State v. Jenks* (1991), 574 N.E.2d 492, paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560."

{¶ 15} In a sufficiency exercise, however, this court does not make determinations of credibility. Rather, the court decides, based on the evidence presented if believed, whether any rational trier of fact could have found the defendant guilty of the crimes charged.

{¶ 16} Although the test for sufficiency requires a determination of whether the prosecution has met its burden of production at trial, a manifest weight challenge questions whether the prosecution has met its burden of persuasion. *Thompkins* at 390. When considering a manifest weight claim, a reviewing court must examine the entire record, weigh the evidence, and consider the credibility of witnesses. *State v. Thomas* (1982), 70 Ohio

St.2d 79, 80, 434 N.E.2d 1356. The court may reverse the judgment of conviction if it appears that the factfinder "'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. A judgment should be reversed as against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at 387.

{¶ 17} Baird was convicted of possessing criminal tools in violation of R.C. 2923.24, which states: "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." The charge for possession of criminal tools was related to Baird's possession of $128 on his person and his constructive possession of the scale used to measure drugs.

{¶ 18} R.C. 2925.01(K) defines possession as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Possession may be actual or constructive. *State v. Haynes* (1971), 25 Ohio St.2d 264, 269-270, 267 N.E.2d 787. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within the individual's immediate physical possession. *State v. Hankerson* (1982), 70 Ohio St.2d 87, 434 N.E.2d 1362, syllabus.

{¶ 19} Circumstantial evidence alone is sufficient to prove constructive possession. *Jenks.* Although the mere presence of an individual in the vicinity of illegal drugs is insufficient to establish the element of possession, *Haynes*, if the evidence demonstrates that the defendant was able to exercise dominion or control over the drugs, the defendant may be convicted of possession. *State v. Wolery* (1976), 46 Ohio St.2d 316, 329, 348 N.E.2d 351. This court has specifically held that the discovery of readily accessible drugs in close proximity to a person constitutes circumstantial evidence that the person was in constructive possession of the drugs. *State v. Pavlick*, Cuyahoga App. No. 81925, 2003-Ohio-6632.

{¶ 20} Baird admitted carrying $128 in cash but denied that this was a large sum of money. He also admitted possessing the 16 grams of marijuana on his person but argued that it was for personal use. It is clear that Baird had access to the scale found in the glove box, as he was seated directly in front of it in the front passenger seat. The six small baggies of marijuana that were thrown from the passenger side of the car were clearly prepared in anticipation of selling them, as they were similarly packaged and identical in size/weight. Baird argues that he was unaware that the scale was there, and denied any involvement in dealing drugs. However, the circumstantial evidence gives rise to the possibility that, based on the other items found in Baird's possession, he could have known about the scale.

{¶ 21} Next, Baird was also convicted of tampering with evidence, pursuant to R.C. 2921.12, which states:

"No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:

"Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.] * * *"

{¶ 22} Baird denies that he threw the six baggies of marijuana and the $20 bill out the window while being pursued by police. He claims that perhaps it was the female passenger. He also argues that it makes little sense that he would throw the baggies and $20 bill out the window but keep the remaining 16 grams of marijuana in his waistband. However, the State argues that this makes perfect sense because Baird knew the difference between being caught merely possessing marijuana versus being apprehended with evidence connected to actual drug trafficking.

{¶ 23} In addition, Officer Bryan Charney who was on the scene when the Cadillac was stopped, testified that when he approached the driver's side of the vehicle, he saw a female passenger seated in the back seat behind the driver. The six baggies and the $20 bill, however, were thrown from the opposite side of the vehicle. Although the evidence tying Baird to throwing the items out the window is circumstantial, we note that the jury is instructed to view circumstantial evidence as having the same probative value as direct evidence. *Jenks.*

{¶ 24} Finally, Baird was convicted of drug trafficking in violation of R.C. 2925.03(A)(1) and 2925.03(A)(2), which state in pertinent part:

{¶ 25} "No person shall knowingly do any of the following:

"(1) Sell or offer to sell a controlled substance;

"(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."

{¶ 26} Baird argues that there is no evidence to support a conviction for trafficking. The State argues that Baird's conviction pursuant to R.C. 2925.03(A)(1) is supported by Baird's entering and exiting the Camaro, as well as his possession of marijuana, and the cash on his person. The State argues that Baird's conviction pursuant to R.C. 2925.03(A)(2) is supported by Baird's possession of 16 grams of marijuana, six small baggies of pre-measured marijuana, $128 in cash, and the drug scale.

{¶ 27} Detective Charles Davis ("Davis"), one of the officers who witnessed Baird getting into and out of the Camaro, testified that in his experience in buy-bust operations, getting in and out of a car so quickly was common for drug sales. He testified that he has participated in many buy-bust operations in that parking lot, and that drug sales tend to happen quickly, with the dealer getting into the buyer's car and then exiting quickly. Detective

Benjamin McCully ("McCully") also testified that he witnessed Baird enter through the passenger door of the Camaro and then quickly exit.

{¶ 28} Baird testified that the driver of the Camaro was a friend of his for whom Baird had purchased a beer and that he was delivering it to him. However, neither McCully nor Davis saw Baird enter the beverage store at any time, nor did they observe him carrying any sort of beverage prior to getting into the Camaro.

{¶ 29} Moreover, Sergeant James Purcell ("Purcell") was the officer who stopped the Camaro after it left the parking lot. The driver was found to have one small bag of marijuana on his person. Purcell did not testify to finding any alcoholic beverages inside the vehicle.

{¶ 30} "In reaching its verdict, the jury is free to believe all, part, or none of the testimony of each witness." *State v. Jackson* (1993), 86 Ohio App.3d 29, 33, 619 N.E.2d 1135. Furthermore, "[t]he weight to be given the evidence and the credibility of the witness[es] are primarily for the trier of the facts." *State v. Richey* (1992), 64 Ohio St.3d 353, 363, 595 N.E.2d 915.

{¶ 31} After viewing the evidence in a light most favorable to the prosecution, we find sufficient evidence to establish, beyond a reasonable doubt, that Baird is guilty of drug trafficking, possession of criminal tools, and tampering with evidence. Moreover, based on the aforementioned facts and circumstances, we find that the convictions are not against the

manifest weight of the evidence. We cannot say that the jury lost its way and created a manifest injustice in convicting Baird of these charges.

{¶ 32} Accordingly, Baird's first and second assignments of error are overruled.

Joinder

{¶ 33} In his fourth assignment of error, Baird argues that the trial court abused its discretion by failing to sever Baird's trial from his codefendant.

{¶ 34} Defendants may be charged in the same indictment, pursuant to Ohio Crim.R. 8(B) as follows:

{¶ 35} "Two or more defendants may be charged in the same indictment, information or complaint if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses, or in the same course of criminal conduct. Such defendants may be charged in one or more counts together or separately, and all of the defendants need not be charged in each count."

{¶ 36} The law favors the joinder of defendants and the avoidance of multiple trials because joinder conserves judicial and prosecutorial time, lessens the expenses of multiple trials, diminishes the inconvenience to witnesses, and minimizes the possibility of incongruous results from successive trials before different juries. *State v. Thomas* (1980), 61 Ohio St.2d 223, 400 N.E.2d 401.

**{¶ 37}** Nonetheless, if it appears that a criminal defendant would be prejudiced by such joinder, the trial court is required to order separate trials. See Crim.R. 14. A defendant claiming error in the denial of severance must affirmatively show that his rights were prejudiced and that the trial court abused its discretion in refusing separate trials. *State v. Sapp*, 105 Ohio St.3d 104, 2004-Ohio-7008, 822 N.E.2d 1239, ¶69, citing *State v. Torres* (1981), 66 Ohio St.2d 340, 343, 421 N.E.2d 1288.

**{¶ 38}** However, a party waives any claim of error by failing to raise an objection to the joinder. In addition, in *State v. Owens* (1975), 51 Ohio App.2d 132, 366 N.E.2d 1367, paragraph two of the syllabus, the court held that:

**{¶ 39}** "[a] motion for severance due to prejudicial misjoinder under rules of procedure for relief from prejudicial misjoinder *must be renewed* at the close of the state's case or at the conclusion of all the evidence and unless made at that time, it is waived." (Emphasis added.)

**{¶ 40}** See, also, Crim.R. 8(B); *State v. Walker* (1990), 66 Ohio App.3d 518, 585 N.E.2d 848; *State v. Strobel* (1988), 51 Ohio App.3d 31, 554 N.E.2d 916; *State v. VanHorn* (Mar. 3, 2000), Lucas App. No. L-98-1171.

**{¶ 41}** In the instant case, Baird's trial counsel did not object to the joinder, nor did he file a motion to sever the case at any stage of the proceedings; therefore, the claimed error was waived. Baird argues, in the alternative, that if the severance of his trial was waived, his conviction should be reversed because plain error exists.

{¶ 42} Regardless, even if Baird had properly objected to the joinder, we are not persuaded that he suffered prejudice as a result of the joinder. Hemphill did not testify in his own defense and, therefore, did not implicate Baird. In addition, neither Baird nor Hemphill made statements that were introduced into evidence at trial, nor were their two defenses antithetical to one another.

{¶ 43} Although Baird complains that he was prejudiced due to his association with Hemphill, Baird has failed to show that the jury was unable to separate the two defendants. Merely because alleged inflammatory evidence is admitted against one defendant not directly involving another codefendant, does not in and of itself show substantial prejudice in the latter's trial. See *United States v. Gallo* (C.A.6, 1985), 763 F.2d 1504. Further, a jury must be presumed capable of sorting out the evidence submitted at trial and considering the case of each defendant separately. See *United States v. Causey* (C.A.6, 1987), 834 F.2d 1277.

{¶ 44} Given the totality of the evidence against Baird, as discussed in the first and second assignments of error, we cannot say that the jury concluded Baird was merely guilty by association. The jury's reliance on the evidence and testimony regarding Baird's charges was sufficient to sustain his convictions. Thus, we find no error in the joinder of the two for trial.

{¶ 45} Accordingly, Baird's fourth assignment of error is overruled.

Ineffective Assistance of Counsel

{¶ 46} In his third assignment of error, Baird argues that he was denied effective assistance of counsel.

{¶ 47} To reverse a conviction for ineffective assistance of counsel, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 2000-Ohio-448, 721 N.E.2d 52, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶ 48} As to the second element of the test, the defendant must establish "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus; *Strickland* at 686. In evaluating whether a petitioner has been denied effective assistance of counsel, the Ohio Supreme Court held that the test is "whether the accused, under all the circumstances, had a fair trial and substantial justice was done." *State v. Hester* (1976), 45 Ohio St.2d 71, 341 N.E.2d 304, paragraph four of the syllabus.

{¶ 49} This court must presume that a licensed attorney is competent and that the challenged action is the product of sound trial strategy and falls within the wide range of professional assistance. *Strickland* at 689. Courts must generally refrain from

second-guessing trial counsel's strategy, even where that strategy is questionable, and appellate counsel claims that a different strategy would have been more effective. *State v. Jalowiec*, 91 Ohio St.3d 220, 237, 2001-Ohio-26, 744 N.E.2d 163.

{¶ 50} First, Baird argues that his trial counsel was ineffective for failing to file a motion to suppress evidence. Baird claims that the police stop of the Cadillac was unjustified. He also argues that a motion to suppress should have been filed regarding the six small baggies and the $20 bill thrown from the car.

{¶ 51} However, Baird fails to provide any reasoning, analysis, or legal authority to support his argument. Pursuant to App.R. 16(A)(7), the appellant must present his contentions with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record upon which he relies. It is not the duty of this court to provide Baird with a basis on which to argue that motions to suppress evidence would have been warranted in the instant case. Absent citations to legal authorities, unsubstantiated assertions cannot be considered on appeal. *Keating v. Keating*, Cuyahoga App. No. 90611, 2008-Ohio-5345.

{¶ 52} Next, Baird argues that his trial counsel was ineffective for failing to file a motion to sever his trial from that of his codefendant, Hemphill. Having found in the fourth assignment of error that the joinder of the two cases was not error, it follows that counsel's failure to file a motion to sever does not rise to the level of ineffective assistance of counsel.

**{¶ 53}** Finally, Baird argues that his trial counsel was ineffective for failing to file a motion to identify and/or compel the appearance of the CI. However, Baird points out multiple times in his brief that he was not involved in the drug transaction between Hemphill and the CI. Thus, Baird has failed to show how he was prejudiced in any way by the failure to compel the CI's testimony.

**{¶ 54}** After a thorough review of the record, we find that Baird has not established ineffective assistance of counsel. The record does not indicate that defense counsel failed in his essential duties or that his performance fell below an objective standard of reasonableness.

**{¶ 55}** Accordingly, the third assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

MARY EILEEN KILBANE, A.J., and
JAMES J. SWEENEY, J., CONCUR

KEYWORDS: