[Cite as *State v. Farley*, 2012-Ohio-1093.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                           :              C.A.
CASE NO.     24632

v.                                                                :

T.C. NO.     10CR73

DONNIE D. FARLEY                              :          (Criminal appeal from
Common Pleas Court)

    Defendant-Appellant                       :

                                                                   :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the ___16th___ day of ___March___, 2012.

· · · · · · · · · ·

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

WILMER J. DECHANT, JR., Atty. Reg. No. 0085084, 257 Regency Ridge Drive, Centerville, Ohio 45459
    Attorney for Defendant-Appellant

· · · · · · · · · ·

FROELICH, J.

{¶ 1}     Donnie Durrell Farley was found guilty by a jury of possession of crack cocaine in an amount less than one gram.   He was sentenced to community control sanctions for a period not to exceed five years.   Farley appeals from his conviction.

{¶ 2}     Farley was indicted on one count a possession of crack cocaine in an amount less than one gram, a felony of the fifth degree, in violation of R.C. 2925.11(A).   He pled not guilty and filed a "Motion to Dismiss and/or Suppress," which the trial court treated as a motion to suppress.   After conducting a hearing, the trial court overruled the motion to suppress.

{¶ 3}     At trial, two Dayton police officers testified that, as they approached Farley on a city street, they saw him toss a baggie containing a white substance into a nearby yard.   The officers were unable to find the baggie themselves due to darkness and a layer of snow on the ground, but the baggie was recovered when a canine unit was called to the scene.   The officers found what they believed to be crack cocaine in the baggie.   Subsequent testing at the Miami Valley Regional Crime Lab confirmed that the substance was crack cocaine, in an amount less than one gram.

{¶ 4}     The defense did not call any witnesses at trial.   Farley made a Crim.R. 29 motion to dismiss at the end of the State's case, which was overruled.

{¶ 5}     The jury found Farley guilty, and he was sentenced as described above.

{¶ 6}     Farley raises two assignments of error on appeal.

{¶ 7}     The first assignment of error states:

THE TRIAL COURT ERRED IN FINDING DONNIE FARLEY

GUILTY   BEYOND   A   REASONABLE   DOUBT   AS   TO

POSSESSION OF COCAINE.

{¶ 8}    Farley contends that his conviction was against the manifest weight of the evidence.   He also contends that the State failed to prove every element of the offense, an argument which challenges the sufficiency of the evidence.

{¶ 9}    An argument based on the sufficiency of the evidence challenges whether the State presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1999).   "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt."   *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 10}    In contrast, when reviewing a judgment under a manifest weight standard of review, the court "'review[s] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'"   *Thompkins* at 387, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 11}    Officers Joshua Frisby and Jason Berger of the Dayton Police Department and Officer Brent Rasor of the Trotwood Police Department testified at Farley's trial.   Frisby and Berger testified that, in the early morning hours of December 30, 2009, they were dispatched to

426 Holt Avenue in Dayton to look for a person whom a complainant had described as a black male wearing a grey hoodie and jeans. (The nature of the complaint that they had received about this man was not apparent from the officer's testimony.) While the officers were in the 1400 block of West Riverview, in route to Holt, they saw Farley, who matched the description they had been given "to the tee." Farley was walking toward the cruiser on the sidewalk. The officers had not yet activated their lights or siren, because they did not want to alert Farley to their presence until they were close to him.

{¶ 12} When the cruiser was approximately fifteen to twenty feet from Farley, the officers activated the lights. As they did so, they saw Farley toss something with his left hand into the yard of a nearby house; Frisby testified that Farley "tosse[d] a bag with some white stuff in it." The officers immediately exited the cruiser, searched and handcuffed Farley, and placed him in the back of the cruiser. They then searched for the item he had thrown.

{¶ 13} The officers testified that snow had recently fallen and, although the sidewalks were clear, grassy areas were covered with snow. Farley had thrown the item into a grassy, snow-covered area. After searching for "a good ten or 15 minutes," Frisby and Berger still had not found the item. They decided to call a canine unit to assist them.

{¶ 14} Because none of the Dayton Police Department's canine units was available, Trotwood Police Officer Brent Rasor and his dog, Bruno, responded to the officers' location on Riverside Drive. After Rasor performed some exercises to get Bruno focused, Bruno found a baggie containing crack cocaine in "15 seconds." All of the officers testified that the baggie was found in the area Officers Frisby and Berger had searched for it.

{¶ 15} Officer Frisby testified with certainty that he had seen Farley throw "a bag with

some white stuff in it." Officer Berger also testified that Farley threw a "clear, plastic baggy" and that, when they initiated their search, he believed Farley had disposed of contraband. On cross examination, however, Berger acknowledged that, in a statement recorded on the cruiser videotape after the officers' initial search failed to turn up the item Farley had thrown, he wondered whether it could have been a cigarette.

{¶ 16} Farley claims that the State "failed to prove that [he] knowingly possessed crack cocaine" because none of the officers "directly saw the drugs on [him]."

{¶ 17} Circumstantial evidence is proof of certain facts and circumstances from which a jury may infer other connected facts that usually and reasonably follow according to common experience. *State v. Sims*, 191 Ohio App.3d 622, 947 N.E.2d 227 (2d Dist. 2010), ¶19. A jury may view circumstantial evidence as having the same probative value as direct evidence. *State v. Baird,* 8th Dist. Cuyahoga No. 96352, 2011-Ohio-6268, ¶ 23, citing *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. The testimony of the police officers, if believed, and the discovery of crack cocaine in the yard provided circumstantial evidence from which the jury could have reasonably inferred that Farley possessed the crack cocaine in question. And as a reviewing court, we must give great deference to the jury's determinations of credibility. Viewing the evidence in a light most favorable to the State, the jury could have found beyond a reasonable doubt that Farley possessed crack cocaine; his conviction was supported by sufficient evidence.

{¶ 18} Similarly, after reviewing the entire record and weighing the evidence and all reasonable inferences, we cannot say that the jury clearly lost its way and created a manifest miscarriage of justice in finding Farley guilty of possession of crack cocaine. As such, his

conviction was not against the manifest weight of the evidence.

**{¶ 19}** The first assignment of error is overruled.

**{¶ 20}** Farley's second assignment of error states:

> THE TRIAL COURT ERRED IN NOT ALLOWING VIDEO
> FROM THE CRUISER CAM TO BE ADMITTED AS
> EVIDENCE.

**{¶ 21}** Farley contends that the trial court erred in excluding statements made by Officer Frisby that were as captured on the "cruiser cam video." Farley claims that these statements were either excited utterances or present sense impressions, pursuant to Evid.R. 803(1) or (2).

**{¶ 22}** At trial, Farley did not expressly raise – and the trial court did not expressly address – any argument related to whether the cruiser video contained statements that were admissible as excited utterances or present sense impressions. Rather, the trial court ruled that the video could be used only to impeach Officer Frisby, if he made inconsistent statements at trial. Although it appears from the record that there may have been some discussion before trial about the use of the video, no record of these discussions is contained in the record. Based on the record before us, including the section of transcript upon which Farley relies, it does not appear that he raised these arguments in the trial court. As such, he has waived this issue on appeal. *State v. Whitt*, 2d Dist Clark No. 2010 CA 3, 2010-Ohio-5291, ¶ 35.

**{¶ 23}** We also note that the videotape from the cruiser was not admitted into evidence, and that counsel did not proffer what he sought to demonstrate by admitting Officer's Frisby's statements from the video. Frisby was cross-examined at length about his conduct toward Farley, and it is not apparent from the record before us what additional information, if any, the video

contained.

{¶ 24} In addition to these procedural deficiencies, we find Farley's argument that the trial court abused its discretion in failing to admit Frisby's statements pursuant to Evid.R. 803(1) and (2) to be without merit.

{¶ 25} The admission or exclusion of evidence is left to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *State v. Sage*, 31 Ohio St.3d 173, 180, 510 N.E.2d 343 (1987). An abuse of discretion implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. *State v. Hancock,* 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.

{¶ 26} Defense counsel cross-examined Frisby at length about his demeanor during his interaction with Farley. Frisby admitted that he had been frustrated by Farley and by the officers' inability to find the item Farley had thrown. Frisby also admitted that he talked with Farley very sternly, cursed at Farley, said "I'm pissed," and threatened "extra charges * * * to aid in the investigation." None of these behaviors, however, was relevant to Farley's guilt. It is unclear from Farley's argument how Officer Frisby's "present sense impressions," as reflected on the video, would have been helpful to his case. Assuming that the video contained Officer Frisby's present sense impressions, there is no indication that the video contradicted or expanded upon Officer Frisby's testimony about his conduct or upon his belief, at the time of the search, that Farley had thrown a baggie containing a white substance. Thus, even if this issue had been properly raised, we cannot conclude the trial court would have abused its discretion in refusing to admit the video, as it was duplicative of Frisby's trial testimony.

{¶ 27} Further, the trial court could have reasonably concluded that Officer Frisby's

statements on the video were not excited utterances. Evid.R. 803(2) defines an excited utterance as a "statement relating to a startling event or condition made while the declarant was under the stress or excitement caused by the event or condition." Farley claims that the statements were excited utterances because Officer Frisby was "frustrated." The evidence that Frisby was frustrated by an uncooperative suspect – without more – did not establish that Frisby, an experienced officer, was startled or was "under the stress or excitement" within the meaning of Evid.R. 803(2). Thus, if the issue had been properly raised, the trial court would not have abused its discretion in refusing to admit the video under the excited utterance exception to the hearsay rule.

{¶ 28} The second assignment of error is overruled.

{¶ 29} The judgment of the trial court will be affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Michele D. Phipps
Wilmer J. Dechant, Jr.
Hon. Timothy N. O'Connell