[Cite as *State v. Howard*, 2013-Ohio-5125.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.  99535

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LEDON HOWARD

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-560663

**BEFORE:**   E.A. Gallagher, J., Celebrezze, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**     November 21, 2013

**ATTORNEY FOR APPELLANT**

Richard Agopian
The Hilliard Building
1415 West 9th St., 2nd Floor
Cleveland, OH 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    James M. Rice
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

EILEEN A. GALLAGHER, J.:

{¶1}   Defendant-appellant Ledon Howard appeals his conviction in the Cuyahoga County Court of Common Pleas.   For the following reasons, we affirm.

{¶2}   A true bill indictment was returned against Howard charging him with drug trafficking in violation of R.C. 2925.03(A)(2) and drug possession in violation of R.C. 2925.11(A).   Appellant pled not guilty to the charges and the case proceeded to a jury trial.

{¶3}   The facts presented at trial were as follows: On March 14, 2012, Janiece Kates loaned her 2008 Ford Focus to Howard at approximately 10 p.m. He did not return with the vehicle.   Michael Reese, an investigator for the City of Cleveland Heights Division of Police responded to a report of a male asleep at the wheel at the intersection of Lee Road and Euclid Heights Boulevard in the early morning hours of March 15, 2012.   Reese and another officer found Howard asleep at the wheel of Kates' vehicle. The car was in drive but Howard's left foot was on the brake.   Officer Reese woke Howard and administered a field sobriety test that indicated a level of impairment for driving.

{¶4} Howard was arrested and the vehicle was inventoried prior to tow.   During the inventory, police discovered marijuana as well as a plastic bag of pink tablets that they believed to be ecstasy.   The drugs were found in the partially open center console of the vehicle that was readily accessible to Howard.   At the police station officer Reese administered a breathalyzer test which eliminated alcohol as the cause of Howard's

impairment. Officer Reese asked Howard if he had taken any drugs and Howard admitted that he had taken ecstasy.

{¶5} The recovered bag contained 68 tablets that were submitted to BCI for analysis that revealed that the tablets contained N-Benzylpiperazine (BZP), a schedule I substance. The BCI analyst who tested the tablets testified that BZP is commonly found in ecstasy tablets.

{¶6} Howard moved for acquittal of both charges pursuant to Crim.R. 29 and the trial court granted the motion with respect to the drug trafficking charge only. The jury found appellant guilty as charged. The trial court imposed a prison term of four years, a fine of $7,500 and three years of mandatory postrelease control. Howard timely appealed presenting three assignments of error.

{¶7} Howard's first assignment of error states:

The evidence was insufficient to convict the defendant of drug possession.

{¶8} This court has said that, in evaluating a sufficiency of the evidence argument, courts are to assess not whether the state's evidence is to be believed but whether, if believed, the evidence against a defendant would support a conviction. *State v. Givan*, 8th Dist. Cuyahoga No. 94609, 2011-Ohio-100, ¶ 13, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. The relevant inquiry then is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a

reasonable doubt. *Id.*

**{¶9}** Appellant first argues that the state presented insufficient evidence that he possessed the plastic bag of tablets containing BZP. "Possess" or "possession" means "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K); *State v. Gordon*, 8th Dist. Cuyahoga No. 97336, 2012-Ohio-4930, ¶ 34-35.

**{¶10}** "Possession" may be either actual physical possession or constructive possession. *State v. Jackson*, 8th Dist. Cuyahoga No. 97743, 2012-Ohio-4278, ¶ 38, citing *State v. Haynes*, 25 Ohio St.2d 264, 269-270, 267 N.E.2d 787 (1971). "Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within the individual's immediate physical possession." *State v. Hankerson*, 70 Ohio St.2d 87, 434 N.E.2d 1362 (1982), syllabus. Constructive possession may be established by circumstantial evidence. *State v. Baird*, 8th Dist. Cuyahoga No. 96352, 2011-Ohio-6268, ¶ 19.

**{¶11}** The elements of an offense may be established by direct evidence, circumstantial evidence, or both. *State v. Durr*, 58 Ohio St.3d 86, 568 N.E.2d 674 (1991). Circumstantial and direct evidence are of equal evidentiary value. *State v. Santiago*, 8th Dist. Cuyahoga No. 95333, 2011-Ohio-1691, ¶ 12.

**{¶12}** Howard argues that the state failed to present sufficient evidence of his constructive possession of the BZP tablets in this case because Janiece Kates, the owner

of the vehicle, testified that she allowed other individuals to borrow and use the car. Howard argues that the state failed to present evidence linking him to the discovered drugs as opposed to any of the other individuals who used the vehicle. We disagree. Howard was discovered unconscious and intoxicated at the wheel of a vehicle still in drive. The center console where the BZP tablets were recovered was partially open and readily accessible to Howard. Alcohol was eliminated as the potential cause of Howard's intoxication and Howard admitted that he had taken ecstasy. On these facts, we find that the state presented sufficient circumstantial evidence of constructive possession.

{¶13} Howard also argues that the evidence was insufficient to convict him of drug possession in an amount that was more than five times the bulk amount. R.C. 2925.01 defines the "bulk amount" of a schedule I hallucinogen, stimulant or depressant as "[a]n amount equal to or exceeding thirty grams or ten unit doses * * *." R.C. 2925.01 further defines "unit dose" to mean "an amount or unit of a compound, mixture, or preparation containing a controlled substance that is separately identifiable and in a form that indicates that it is the amount or unit by which the controlled substance is separately administered to or taken by an individual."

{¶14} The Ohio BCI expert who analyzed the tablets testified that each tablet constituted a unit dose and 68 were confiscated. The state presented sufficient evidence that appellant possessed five times the bulk amount of BZP in this instance.

{¶15} Finally, appellant argues that it was improper for the jury to infer that all 68 tablets contained BZP because only 22 of the 68 tablets were tested. We have

previously rejected this type of argument. The "random sampling method of testing creates a reasonable inference that all similar contraband contains the same controlled substance as that tested, at least when the contraband is recovered together and similarly packaged." *State v. Mitchell*, 8th Dist. Cuyahoga No. 93076, 2010-Ohio-520, ¶ 12, quoting *State v. Samatar*, 152 Ohio App.3d 311, 2000-Ohio-1639, 787 N.E.2d 691 (10th Dist.).

{¶16} Appellant's first assignment of error is overruled.

{¶17} Howard's second assignment of error states:

The appellant's conviction is against the weight of the evidence.

{¶18} A manifest weight challenge questions whether the prosecution met its burden of persuasion. *State v. Byrd*, 8th Dist. Cuyahoga No. 98037, 2012-Ohio-5728, ¶ 27. When considering a manifest weight challenge, a reviewing court reviews the entire record, weighs the evidence and all reasonable inferences therefrom, considers the credibility of the witnesses and determines whether the finder of fact clearly lost its way. *State v. Jackson*, 8th Dist. Cuyahoga No. 86542, 2006-Ohio-1938, ¶ 29. A reviewing court may reverse the judgment of conviction if it appears that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id*.

{¶19} In light of the evidence presented at trial, particularly Howard's admission that he had taken ecstasy, his intoxicated state when discovered at the wheel of the vehicle and his proximity and ready access to the recovered BZP tablets we cannot say

that the finder of fact clearly lost its way in finding appellant guilty of possession.

{¶20} Appellant's second assignment of error is overruled.

{¶21} Howard's third assignment of error states:

The court erred by failing to give a proper instruction on bulk amount.

{¶22} Howard argues that the trial court erred by omitting part of the definition found in R.C. 2925.01(D)(1)(c) on "bulk amount" when instructing the jury. The trial court defined bulk amount as "an amount equal to or exceeding 30 grams or 10 unit doses of a compound, mixture, preparation or substance," but omitted the next segment that clarifies that the definition is in reference to "a schedule I hallucinogen other than tetrahydrocannabinol or lysergic acid amide, or a schedule I stimulant or depressant."

{¶23} Because appellant did not object to the jury instructions, we review this claim for plain error. *State v. Leonard*, 8th Dist. Cuyahoga No. 98626, 2013-Ohio-1446, ¶ 32; Crim.R. 30(A). Under Crim.R. 52(B), a plain error affecting a substantial right may be noticed by an appellate court even though it was not brought to the attention of the trial court. An error rises to the level of plain error only if, but for the error, the outcome of the proceedings would have been different. *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶ 61; *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *Id.*

{¶24} We find no plain error in this instance. Although the trial court did not

read the entire definition of bulk amount from R.C. 2925.01(D)(1)(c), the portion the court omitted was unnecessary context because the court had previously instructed the jury regarding the alleged possession of BZP and stated that it was a schedule I drug. Furthermore, the jury verdict forms stated that the jury specifically found Howard guilty of possession of BZP.

{¶25} Appellant's third assignment of error is overruled.

{¶26} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR