[Cite as *State v. King*, 2015-Ohio-5257.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 102666

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DONTEL KING

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-585954-A

**BEFORE:** S. Gallagher, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** December 17, 2015

**ATTORNEY FOR APPELLANT**

Matthew C. Bangerter
Bangerter Law, L.L.C.
P.O. Box 148
Mentor, Ohio   44061


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Stephanie N. Hall
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

**{¶1}** Appellant Dontel King appeals his convictions for drug possession, drug trafficking, and possessing criminal tools. Upon review, we affirm.

**{¶2}** On June 23, 2014, appellant was indicted on one count of drug possession, two counts of drug trafficking, and one count of possessing criminal tools. Appellant entered a plea of not guilty to the charges, and the case proceeded to a jury trial.

**{¶3}** Officer Alex Gritton testified that on May 24, 2014, a little after 8:00 p.m., he was in a zone car and pulled behind appellant's vehicle while exiting the freeway. He observed the driver, who was the appellant, immediately reach down toward the floorboard. Officer Gritton followed the vehicle and observed the vehicle pull into a busy Walmart parking lot. The officer drove around the building and parked in an area where he could observe appellant's vehicle, which was parked in the parking lot. Appellant was in the vehicle with an adult female passenger.

**{¶4}** Officer Gritton testified that he saw an individual, later identified as Ronald Snipe, approach the driver's side of appellant's vehicle, talk with appellant for less than two minutes, and then return to his own vehicle and place something inside. Snipe then walked toward Walmart.

**{¶5}** Officer Gritton pulled up and asked Snipe what he had just purchased. Snipe stated that he had purchased one ounce (28 grams) of cocaine and had given a payment of $300, all in $20 bills. The dash camera in the officer's vehicle recorded the

conversation. The video also showed appellant's vehicle exiting the Walmart parking lot.

{¶6} Snipe testified that earlier that day he called appellant and asked him if he "could put something together" because he was trying to get some cocaine for a bachelor party and "a couple people" were "trying to get ahold of some." He arranged to meet appellant at the Walmart parking lot around 8:00 p.m. When appellant arrived, he parked four or five rows away from Snipe. Snipe testified that he walked over to appellant's car, had a short conversation with appellant, put his hand down in the car, gave appellant the money, and appellant put the cocaine in his hand. Snipe put the package of cocaine in his pocket, returned to his vehicle, and put the cocaine inside his vehicle. As he walked toward Walmart, he was stopped by the officer.

{¶7} At the time of trial, Snipe testified that he actually handed appellant $1,500, in mostly large bills, for one ounce of cocaine. He testified that he lied to the officer about giving appellant $300. Snipe pleaded guilty to possession of cocaine. He testified that he was not offered any deals for his testimony in this case.

{¶8} Approximately ten minutes after the transaction occurred, appellant's vehicle was stopped on the freeway by police. A fold of money totaling $1,500 was in plain view, sitting on top of an open purse. Appellant also had $804 on his person. Appellant stated that he was given $500 from his "Uncle Ronnie" at Walmart. Appellant also stated that he "sells meat out of his vehicle" and is a mechanic doing odd jobs. The female passenger was with him when he was apprehended.

{¶9} Officer Andrew Rocco, who had responded to assist in the matter, testified that he has witnessed approximately 100 controlled buys and that the transactions happen "very quickly, very discreetly." He testified that "typically [officers] are not able to see [the perpetrator's] hands." He further testified that an ounce of cocaine, based on its purity, would generally range from $1,300 to $2,000.

{¶10} Powdered cocaine that was wrapped and in a plastic bag was recovered from Snipe's vehicle. The total weight of the packaged cocaine was 27.83 grams.

{¶11} The jury found appellant guilty on all counts. Following merger, the trial court sentenced appellant to a mandatory three-year prison term on the trafficking charge and a one-year concurrent term on the criminal tools charge. The court also imposed five years of mandatory postrelease control.

{¶12} Appellant timely filed this appeal. He raises two assignments of error for our review.

{¶13} Under his first assignment of error, appellant claims his conviction was against the manifest weight of the evidence. When reviewing a claim challenging the manifest weight of the evidence, the court, reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. Reversing a conviction as being against the manifest

weight of the evidence should be reserved for only the exceptional case in which the evidence weighs heavily against the conviction. *Id.*

{¶14} R.C. 2925.11(A), possession of drugs, provides: "No person shall knowingly obtain, possess, or use a controlled substance * * *."

{¶15} R.C. 2925.03(A), trafficking in drugs, provides:

No person shall knowingly do any of the following:

(1) Sell or offer to sell a controlled substance * * *;

(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person.

{¶16} R.C. 2923.24(A), possessing criminal tools, provides: "No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."

{¶17} Appellant questions the evidence in this case, claiming that the officers never witnessed appellant in possession of the drugs or the $1,500, Snipe had a motive to lie, Snipe told Officer Gritton he had purchased cocaine for $300, Snipe had a history of drug possession and trafficking, Snipe was unable to link any evidence presented in court to appellant, the state failed to subpoena and verify phone records and present them to the jury, the $1,500 was found in a purse belonging to the female passenger, and the evidence points to the female passenger as another culprit.

{¶18} Our review reflects that both Officer Gritton and Snipe provided testimony that, if believed, established that appellant was trafficking in drugs and sold approximately one ounce of cocaine to Snipe. Snipe offered testimony to establish that he spoke to appellant on the phone to arrange the transaction. The transaction took place at the driver's side window of appellant's vehicle, and Snipe immediately returned to his vehicle and placed the packaged cocaine inside. Snipe's testimony of what transpired was corroborated by the officer's testimony concerning his observations of the interaction between appellant and Snipe. Although Snipe had indicated he gave appellant $300, he testified at trial that the amount given was actually $1,500. This was the same amount located in plain view in appellant's vehicle when he was apprehended. The amount was consistent with the officers' testimony as to the value for one ounce of cocaine. Snipe also testified that he was not offered any deals for his testimony. The jury, as the factfinder, was able to listen to the witnesses and assess their respective credibility.

{¶19} Upon our review, we are unable to find appellant's convictions were against the manifest weight of the evidence. The first assignment of error is overruled.

{¶20} Under his second assignment of error, appellant claims the trial court erred in denying his motion for acquittal under Crim.R. 29(A). A motion for judgment of acquittal under Crim.R. 29(A) requires a court to consider if the evidence is insufficient to sustain a conviction. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the

essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**{¶21}** Appellant argues that the officers failed to see any transaction occur, that a lack of evidence was presented, that the cash was found in the possession of the passenger, and that Snipe's testimony lacked credibility. We are not persuaded by his argument.

**{¶22}** It is well established that the elements of an offense may be established by direct or circumstantial evidence, or both, and that they are of equal evidentiary value. *State v. Howard*, 8th Dist. Cuyahoga No. 99535, 2013-Ohio-5125, ¶ 11. In this case, Snipe testified to arranging a meeting with appellant to purchase an ounce of cocaine for $1,500. He testified that he reached his hand down into appellant's car where he handed appellant money for drugs. His testimony reflects that he concealed the drugs in his pocket and did not inspect his purchase before placing the drugs in his vehicle. Shortly after the packaged cocaine was recovered from Snipe's vehicle, appellant was stopped by police and $1,500 was found in plain view in his vehicle. Officer Gritton testified to observing actions consistent with Snipe's testimony. After viewing the evidence in a light most favorable to the prosecution, we conclude any rational trier of fact could have found the essential elements of the crimes proven beyond a reasonable doubt. Appellant's second assignment of error is overruled.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.      The

court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common

pleas court to carry this judgment into execution.   The defendant's conviction having

been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court

for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR